FILED'11 JAN 03 13:44USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ANGEL SUAREZ-SILVA

        Defendant.

05-CR-00027-RE
(10-CV-70025-RE)

OPINION AND ORDER

DWIGHT C. HOLTON
United States Attorney
STEPHEN F. PEIFER
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1000

    Attorneys for Plaintiff

ANGEL SUAREZ-SILVA
Fed Reg. No. 68554-065
FCI Sheridan
P.O. Box 6000
Sheridan, OR 92378

    Defendant Pro Se

1 - ORDER

REDDEN, Judge.

The matter is before the court on defendant Angel Suarez-Silva's pro se Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 (doc. 28 in CR 05-27) on the sole ground that the court's imposition of an 18-month period of supervised release following the completion of an 18 month term of imprisonment is unconstitutionally inappropriate and unjust.   The Court **DENIES** the motion.

## BACKGROUND

In 2005, defendant was convicted of the crime of felon in possession of a firearm.  He was sentenced 46 months in federal prison and 36 months of supervised release.  While he was on supervised release period after serving his prison sentence, defendant was convicted in Multnomah County, Oregon, of the new crimes of Distribution of a Controlled Substance (methamphetamine) and Failure to Perform the Duties of a Driver.  He was sentenced to 18 months in state prison.

In April 2009, this court issued a Warrant of Arrest and Order to Show Cause why defendant's term of supervised release arising from his 2005 federal conviction should not be revoked in light of his subsequent conviction in Multnomah County.

In April 2010, this court held a hearing on defendant's alleged supervised release violation.  In a letter to the court before the hearing, defendant's counsel urged the court to impose a prison sentence to be served concurrent to his Multnomah County sentence and to reimpose an 18-month period of supervised release upon defendant's release from prison because defendant would benefit from continued federal supervision in light of his methamphetamine addiction.  During the hearing, defendant

did not argue either for or against the imposition or length of a new term of supervised release.

At the conclusion of the hearing, the court found defendant had violated the conditions of his supervised release by engaging in the criminal activity for which he was convicted in Multnomah County and that he was no longer suitable for continued community supervision. The court imposed a 16 month term of imprisonment to run consecutive to defendant's prison sentence arising from his Multnomah County conviction. The court also reimposed an 18 month term of supervised release on his release from prison. Defendant did not challenge the reimposition of the term of supervised release on direct appeal.

## DISCUSSION

**Legal Standards**.

Title 28, United States Code, Section 2255(a), provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). The court must hold an evidentiary hearing to determine the validity of a Section 2255 petition, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief ...." 28 U.S.C. § 2255(b); United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for

3 - ORDER

relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998). Mere conclusory statements are insufficient to require a hearing. United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993).

**Analysis**.

Defendant now contends the reimposition of an 18-month term of supervised release violates the requirement that the maximum term of supervised release that may be imposed following prior revocations of supervised release "must be reduced by the aggregate length of any and all terms of imprisonment that have [previously] been imposed on revocation of supervised release." United States v. Knight, 580 F.3d 933, 940 (9th Cir. 2009).

Defendant, however, procedurally defaulted any potential §2255 claim because he advocated for rather than objected to the reimposition of supervised release and did not directly appeal the court's order imposing a term of supervised release. In addition, defendant does not argue either that he is actually innocent of the offense giving rise to the reimposition of a term of supervised release or that "no reasonable juror would have convicted him." See United States v. Ratigan, 351 F.3d 957, 962 (9th Cir. 2003), citing Bousley v. United States, 523 U.S. 614, 622-23 (1998)("A 2255 movant procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default.").

In any event, the government also points out that the maximum term of supervised release authorized for the offense on which defendant was originally convicted is 36 months. After revoking defendant's probation, the court sentenced

4 - ORDER

defendant to 16 months imprisonment. The court, therefore, could have imposed a supervised release term of up to 20 months rather than the actual term of 18 months it did impose, before running afoul of Knight's aggregation rule.

For each of the above reasons, the court concludes plaintiff has failed to establish there is a need for an evidentiary hearing on this matter. In addition, the court concludes the 18-month term of supervised release imposed on defendant was less than maximum term authorized by law.

## CONCLUSION

On this record, the court **DENIES** defendant's Motion to Vacate, Set Aside, or Correct Sentence (doc. 28).

IT IS SO ORDERED.

DATED this ︎day of January, 2010.

James A. Redden
United States Senior District Judge